[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12115
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20355-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANE R. SPIERDOWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 17, 2020)

Before MARTIN, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Shane Spierdowis appeals the substantive reasonableness of his 18-month sentence—an upward variance from his Sentencing Guidelines range of three to nine months—imposed upon revocation of his probation. After careful review, we conclude that Spierdowis failed to show that the district court abused its discretion at sentencing. We therefore affirm.

I.

Spierdowis pled guilty to conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371. The district court sentenced him to five years of probation. As a special condition of probation, the court ordered that Spierdowis serve the first six months of the term in monitored home confinement. The court also imposed certain employment restrictions.

Less than four months after sentencing, Spierdowis's probation officer filed a violation report alleging that Spierdowis had violated five conditions of his probation—namely, he lied to the probation officer about his employment status, used approved work hours for unauthorized activities, and stayed out well past his 8:30 P.M. curfew on four occasions. On one occasion, he missed his curfew by five hours. The probation officer recommended that the court revoke Spierdowis's probation. Spierdowis waived a preliminary hearing and elected to proceed directly to a revocation hearing.

2

Before the revocation hearing, Spierdowis wrote a letter to the court in which he admitted that, during his probation, he had "struggl[ed] immensely financially, but most importantly, mentally and emotionally." Doc. 44-1 at 1.[1]  He stated that he "started turning to alcohol to try to mask [his] personal issues," including his "depression and anxiety." *Id*.  He further emphasized that he was working toward building a health and fitness company and was considering getting a commercial driver's license.  He wrote that he had never been in trouble before and intended this to be his "last experience with the court system." *Id*. at 2. Finally, he apologized for his actions, which were "a result of [his] mental condition." *Id*. at 3.

At the revocation hearing, the district court initially stated that it "g[a]ve [Spierdowis] a chance" by putting him on probation, but he had "done virtually nothing to comply" with the conditions of his probation.  Doc. 58 at 3.  Spierdowis admitted to violating the terms of his probation.  He explained that, during his probation, he could not find a job and had no support, although his father helped him pay his bills.  He said he was trying to go to school and find a job.  He referred to the letter he wrote to the court, which explained his mental condition.

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

3

The probation officer recommended a sentence at the high end of the guidelines range.[2]  He explained that the probation office had been "very, very patient with [Spierdowis]," but he believed that Spierdowis would not "be amenable to any further supervision." *Id.* at 5–6.  Spierdowis then personally apologized to the court, saying that it "ha[d]n't been easy" for him to comply with the terms of his probation, as he "started turning to alcohol" and his "whole career changed." *Id*. at 6.  He said that he was "doing the best [he] [could] to really turn [his] life around and start a new career." *Id*.  Finally, he argued that putting him in jail would not "benefit anybody." *Id*. at 7.

After hearing the parties' arguments, the district court commented that it had "absolutely no reason to believe a word [Spierdowis] just said." *Id*. at 8.  Noting

---

[2] Neither the parties nor the court explicitly mentioned Spierdowis's guidelines range for the revocation of probation.  Nevertheless, we may ascertain from the record that his recommended guidelines range was three to nine months.  Specifically, under U.S.S.G. § 7B1.4, the guidelines range for a revocation sentence is three to nine months for a defendant who commits a Grade C violation and whose criminal history category was I at the time he was originally sentenced to probation.  U.S.S.G. § 7B1.4(a).  Spierdowis committed a Grade C violation when he violated the terms of his probation.  *See* U.S.S.G.  § 7B1.1(a)(3) (defining Grade C violations as those punishable by a term of imprisonment of one year or less or "violation[s] of any other condition of supervision").  Further, the presentence investigation report prepared by the probation office before Spierdowis's original sentencing stated that his criminal history category was I.  Accordingly, Spierdowis's guidelines range for revocation of his probation was three to nine months.  Spierdowis does not challenge on appeal the court's failure to calculate the guidelines range or, more generally, the procedural reasonableness of his sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining that a sentence is procedurally unreasonable if a district court commits an error "such as failing to calculate . . . the Guidelines range"); *see also Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (recognizing that an issue not briefed on appeal is deemed abandoned).  Further, both parties agree that the guidelines range for revocation of Spierdowis's probation was nine months' imprisonment at the high end.

that it had "carefully considered the statements of the parties and the information contained in the violation report," the court "determined that a sentence above the guideline range [was] appropriate" and sentenced Spierdowis to 18 months' imprisonment.  *Id.*  Spierdowis objected, arguing that the 18-month sentence, which was "double" the high end of the guidelines range, was unreasonable given his personal characteristics and the circumstances of the probation violations.  *Id.* at 9.  The court responded that Spierdowis had "many advantages," it "gave him a very big break," and yet he "violated [the terms of his probation] time and time and time and time again."  *Id.*

This is Spierdowis's appeal.

## II.

We review sentences imposed for violations of the terms of probation for reasonableness, analyzed under an abuse of discretion standard.  *See United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).  The party challenging a sentence bears the burden of showing that the sentence is unreasonable.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Although we afford district courts substantial deference in their sentencing decisions, they must abide by certain parameters at sentencing.  *Id.*  When a defendant violates a condition of his probation, a district court may revoke the

sentence of probation and resentence the defendant.  *See* 18 U.S.C. § 3565(a).  In considering whether to revoke probation and deciding an appropriate sentence, the district court must consider the factors set forth in 18 U.S.C. § 3553(a).  *See id*.  Those factors include the nature of the offense, the defendant's history and characteristics, the need for deterrence and public protection, the defendant's educational and vocational needs, and the applicable guidelines range and pertinent policy statements of the Sentencing Commission.  *See* 18 U.S.C. § 3553(a)*.*  A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

"This Court will defer to the district court's judgment regarding the weight to be given to the § 3553(a) factors unless the district court has made a clear error of judgment."  *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014) (internal quotation marks omitted).   We will vacate a sentence only when we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Irey*, 612 F.3d at 1190 (quoting *U.S. v. Pugh*, 515 F.3d 1179, 1191 (2008)).

III.

Spierdowis argues that the district court imposed a substantively unreasonable sentence when it sentenced him to 18 months of imprisonment, which was double the high end of the guidelines range. He asserts that the court failed to afford appropriate weight to his mental health issues, substance abuse, and efforts to start a new career. He argues that a sentence at the low end of the Guidelines would have reflected the seriousness of the violations and provided just punishment.

The record does not support Spierdowis's contention that the district court improperly weighed the relevant § 3553(a) factors in varying upward from the applicable guidelines range. The district court's stated reasons were sufficient to justify its upward variance. *See Dougherty*, 754 F.3d at 1363. At the revocation hearing, the court "carefully considered" Spierdowis's personal history by hearing testimony and argument about his mental health issues, substance abuse, and employment struggles. Doc. 58 at 8. The court heard testimony about Spierdowis's letter, which explained "mentally where he was at" when he violated the terms of his probation. *Id*. at 5. The court also considered the characteristics of the offense. The court heard argument from the government that Spierdowis's behavior during probation demonstrated that he was not "amenable to any further supervision." *Id*. at 6. The court noted that Spierdowis had "done virtually

7

nothing to comply" with his probation conditions and that he violated the conditions "time and time again." *Id.* at 3, 9. It was not an abuse of discretion for the court to afford significant weight to the characteristics of Spierdowis's violations, particularly where he committed numerous violations within a short span of time. We are not convinced that the 18-month sentence lies "outside the range of reasonable sentences dictated by the facts of the case." *See Irey*, 612 F.3d at 1190 (internal quotation marks omitted).

Spierdowis further contends that the court's failure to explicitly mention the § 3553(a) factors demonstrates that the court "failed to afford consideration to relevant factors that were due significant weight." Appellant's Br. at 12. Although it is true that the court did not explicitly refer to the § 3553(a) factors during sentencing, the court expressly acknowledged that it had "carefully considered" the parties' arguments regarding the sentencing factors. Doc. 58 at 8. Because the record contained the parties' arguments about the relevant § 3553(a) factors, and the court stated that it had considered those arguments, we are satisfied that the court adequately considered the factors. *See United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007) (determining that the district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or discuss them all individually, so long as the record indicates that it considered the party's arguments and the sentencing factors). Thus, our review of the revocation hearing

8

leaves us with no definite conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors. *See Irey*, 612 F.3d at 1190. Regardless of whether we would have imposed the same term of incarceration had we been tasked with sentencing Spierdowis, we cannot say that the district court abused its discretion in imposing a sentence of 18 months.

## IV.

Spierdowis failed to meet his burden of showing that his sentence was unreasonable in light of the record and the § 3553(a) factors. We therefore affirm.

**AFFIRMED.**